UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN SCOTT OETMAN,

           Petitioner,           Case No. 1:09-cv-1027

v.                                      Honorable Robert Holmes Bell

MIKE COX,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

        Petitioner, who is represented by an attorney, presently is not incarcerated. On August 17, 2009, Petitioner was convicted of operating a motor vehicle while under the influence of alcohol, second offense, Michigan Compiled Laws § 257.625(1), after a bench trial in Ottawa County District Court. Petitioner was sentenced to five days in jail and five years' probation, which was stayed by the trial court pending the outcome of Petitioner's application for habeas corpus relief in this Court.[1]

        Prior to his bench trial, Petitioner filed a motion to suppress in the district court, arguing that the officer did not have probable cause to stop his vehicle. On July 18, 2007, the district court granted Petitioner's motion and dismissed his case. The prosecutor appealed the district court's decision to the Ottawa County Circuit Court. On January 8, 2008, the circuit court affirmed the decision of the district court. The prosecutor then appealed the Ottawa County Circuit Court's decision to the Michigan Court of Appeals. In a peremptory order dated May 30, 2008, the Michigan Court of Appeals reversed the lower courts' decisions and remanded the case for reinstatement of the charges against Petitioner.

        The following facts were taken from the Michigan Court of Appeals' May 30, 2008 Order. After receiving a report about a truck pull between two trucks, a police officer was dispatched to the scene to investigate. When he arrived approximately fifteen minutes later, the

---

[1] This Court has subject matter jurisdiction over Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254(a). Section 2254(a) require that a habeas petition be filed when a person is "in custody in violation of the Constitution or laws or treaties of the United States." A petitioner, whose sentence is stayed satisfies the custody requirement. *See McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989) (holding that a petitioner with a one-year probation sentence that had been stayed met the "in custody" requirement.) Because Petitioner's sentence was stayed when his habeas petition was filed on November 9, 2009, he meets the "in custody" requirements of § 2254(a). This Court therefore has subject matter jurisdiction over Petitioner's application for habeas corpus relief.

police officer saw tire burn marks on the road and smelled a strong odor of burning rubber. Petitioner testified that he had been on the road for approximately 30 to 40 seconds before he was pulled over. He was also a couple hundred yards south of the driveway to his brother's house. Petitioner argued that he had just innocently left his brother's house. Petitioner was in one of two vehicles in the area at 12:45 a.m. Photographic evidence established that Petitioner was near some of the tire marks at the time he was pulled over. The Michigan Court of Appeals noted that Petitioner may not have been involved in the truck pull. Nevertheless, under the totality of the circumstances, the Michigan Court of Appeals concluded that the police officer was entitled to draw the inference that Petitioner might have been involved in the truck pull, and, thus, he had a reasonable basis for stopping Petitioner's car to allow him to briefly investigate further. (Attach. 5 to Corrected Br. in Supp. of Pet., docket #3.)

After the Michigan Court of Appeals' decision, Petitioner filed a motion for reconsideration in the appellate court. The Michigan Court of Appeals denied Petitioner's motion for reconsideration on July 15, 2008. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On December 18, 2008, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed by the court.[2] Petitioner finally filed a motion for reconsideration in the Michigan Supreme Court, which was denied on March 23, 2009.[3]

---

[2] Justice Kelly, however, would have granted leave to appeal.

[3] Justice Kelly would have granted reconsideration and, on reconsideration, would have reversed the Court of Appeals' decision and reinstated the district court's order.

On November 9, 2009, Petitioner filed the instant application for habeas corpus relief. In his petition, he raises the following two grounds:

> I. WHETHER THE STATE COURTS DENIED MEANINGFUL CONSIDERATION OF THE PETITIONER'S SUPPRESSION MOTION WHEN THE COURT OF APPEALS PEREMPTORILY REVERSED TWO LOWER COURTS AND DENIED RECONSIDERATION[,] THUS PERMITTING FEDERAL REVIEW.
>
> II. WHETHER THE PETITIONER'S FOURTH AMENDMENT RIGHTS [WERE VIOLATED] BY A TRAFFIC STOP MADE WITHOUT PROBABLE CAUSE, AS FOUND BY THE [DISTRICT] COURT AND CIRCUIT COURT.

(Pet. at 6-7, docket #1.)

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

Petitioner's two interrelated grounds for habeas corpus relief concern his right to be free from unreasonable searches and seizures under the Fourth Amendment. In one ground, Petitioner argues that the traffic stop was unconstitutional under the Fourth Amendment because it was not supported by probable cause. In the other ground, Petitioner claims that the Michigan Court of Appeals denied meaningful review of his suppression motion, thereby rendering his Fourth Amendment claim cognizable on habeas review.[4]

---

[4] Petitioner raised this ground for habeas corpus relief in a motion for reconsideration before the Michigan Court of Appeals and in his application for leave to appeal in the Michigan Supreme Court. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). It is uncertain whether claims presented in a motion for reconsideration to the Michigan Court of Appeals satisfy the exhaustion requirement. Because this Court retains the authority to deny the petition on the merits, it need not determine whether this form of presentation was sufficient to exhaust Petitioner's second ground for habeas corpus relief. *See* 28 U.S.C. § 2254(b)(2); *see also Haynes v. Hofbauer,* No. 07-cv-14522, 2009 WL 4506415, at *5 n.2 (E.D. Mich. Nov. 30, 2009) (finding that it was not necessary to determine whether claims

(continued...)

Petitioner's Fourth Amendment claim is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976). *See also Queen v. Scroggy*, 99 F.3d 1302, 1332 (6th Cir. 1996) (noting that it is well-settled that *Stone v. Powell* bars Fourth Amendment claims). In *Stone v. Powell*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim. *Stone*, 428 U.S. at 494. The Court, in a footnote, indicated that "an opportunity for a full and fair litigation" contemplated evaluation of the Fourth Amendment claim in question "at trial and on direct review." *Id.* at 494 n.37.

The Sixth Circuit has held that to determine whether a petitioner was afforded a "full and fair" opportunity to litigate his Fourth Amendment claim, the court must undertake a two-prong analysis. *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (citing *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)); *see also Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985). The court must first determine whether the State has a procedural mechanism that, in the abstract, provides an opportunity to present a Fourth Amendment claim. Assuming the State provides such a mechanism, the question then becomes whether the presentation of the claim was frustrated by a failure of that mechanism. *See Machacek*, 213 F.3d at 952 (citing *Riley*, 674 F.2d at 526); *see also Gilbert*, 763 F.2d at 823. If these two inquiries are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have

---

[4](...continued)
presented in a motion for reconsideration to the Michigan Court of Appeals was sufficient for exhaustion because an application for writ of habeas corpus may be denied on the merits under 28 U.S.C. § 2254(b)(2)).

been in error. *Gilbert*, 763 F.2d at 824; *accord Jennings v. Rees*, 800 F.2d 72 (6th Cir. 1986); *Markham v. Smith*, 10 F. App'x 323, 326 (6th Cir. 2001).

In the present case, Petitioner cannot satisfy either prong of the *Stone v. Powell* standard. First, it is beyond dispute that the State of Michigan has state procedural mechanisms, which present a defendant the full opportunity to raise a Fourth Amendment claim before trial. Even before the United States Supreme Court decided that the federal exclusionary rule applied to state criminal proceedings, the Michigan courts applied the exclusionary rule to the fruits of unconstitutional searches and seizures. *See People v. Margelis*, 186 N.W. 488 (Mich. 1922). After *Mapp v. Ohio*, 367 U.S. 643 (1961), the Michigan courts consistently have acknowledged their duty, under both the federal and state constitutions, to suppress evidence seized in violation of the Fourth Amendment. *See, e.g., People v. David*, 326 N.W.2d 485, 488 (Mich. Ct. App. 1982). Further, under Michigan court rules, criminal defendants can challenge the admissibility of evidence during a preliminary examination or in the trial court. MICH. CT. R. 6.110(D). The mechanisms provided by the State of Michigan are, therefore, clearly adequate. *See Riley*, 674 F.2d at 526. Consequently, Michigan affords criminal defendants a vehicle by which to raise Fourth Amendment challenges. Moreover, Petitioner admits that he was given the opportunity to present his claims in the trial and appellate courts. (Corrected Br. in Supp. of Pet. at 14, docket #3.)

With respect to the second prong of the analysis, Petitioner must allege facts showing that the state corrective mechanism has somehow broken down. *See, e.g., Agee v. White*, 809 F.2d 1487, 1490 (11th Cir. 1987) (habeas review not barred when state appellate court completely ignored Fourth Amendment claim). The Sixth Circuit pointedly has held that the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim

to have been in "egregious error." *Gilbert*, 763 F.2d at 824 (citing *Riley*, 674 F.2d at 526). Petitioner argues that the state mechanism failed because he was denied an opportunity to fully litigate his Fourth Amendment claim before the Michigan Court of Appeals. Specifically, Petitioner asserts that the Michigan Court of Appeals failed to fully consider Petitioner's case because (1) the Michigan Court of Appeals issued a peremptory order to reverse the lower courts' decisions; (2) the parties were not allowed to file any briefs to address the Michigan Court of Appeals' reasoning; and (3) the parties were not able to present any oral argument before the Michigan Court of Appeals. (Corrected Br. in Supp. of Pet. at 16.)

This Court finds that the Michigan Court of Appeals gave Petitioner's Fourth Amendment claim full and proper consideration. First, Petitioner argues that the Michigan Court of Appeals did not fully consider the suppression issue because it issued a peremptory order. A peremptory order is allowed under Michigan Court Rule 7.205(D)(2), which provides "[t]he court may grant or deny the application; enter a final decision; grant other relief; request additional material from the record; or require a certificate concise statement of proceedings and facts from the court, tribunal, or agency whose order is being appealed." The Michigan Court of Appeals fully and thoughtfully analyzed the suppression issue in its peremptory order. After discussing the pertinent facts, the Michigan Court of Appeals concluded that "under the totality of the circumstances, the officer was entitled to draw the reasonable articulable basis for stopping [Petitioner] for the purpose of allowing him to briefly investigate further." (Attach. 5 to Corrected Br. in Supp. of Pet., docket #3) (citation omitted.)

Second, Petitioner argues that the appellate process was inadequate because the parties should have been allowed to file briefs to address the Michigan Court of Appeals' reasoning

in its peremptory order. The parties were not allowed to file briefs in the Michigan Court of Appeals because the appellate court did not grant the prosecutor's application for leave to appeal. Nevertheless, Petitioner had several opportunities to present his arguments. Petitioner filed an answer to the prosecutor's application for leave to appeal prior to the Michigan Court of Appeals' decision. Moreover, the transcript of the district court's December 19, 2007 oral argument on the suppression issue was also before the Michigan Court of Appeals.[5] Michigan Court Rule 7.205(D)(1) provides that "[t]he application is decided on the documents filed . . . ." Moreover, Petitioner filed a motion for reconsideration in the Michigan Court of Appeals. In his motion, Petitioner had ample opportunity to address the Michigan Court of Appeals' reasoning from its peremptory order. The Michigan Court of Appeals denied Petitioner's motion for reconsideration on July 15, 2008.

Finally, Petitioner argues that the state mechanism failed because he was not allowed to present oral arguments before the Michigan Court of Appeals. Michigan Court Rule 7.205(D)(1) does not allow oral arguments with applications for leave to appeal. As stated above, the application is decided on the documents filed with the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(D)(1). In this case, those documents included Petitioner's answer and the district court's December 19, 2007 transcript of oral argument of the suppression issue. The United States Supreme Court has never suggested or held that a state must provide oral argument on appeal in order for its review to be full and fair within the meaning of *Stone v. Powell*. In sum, the Michigan Court of Appeals afforded Petitioner "an opportunity for full and fair litigation of [his] Fourth Amendment

---

[5]*See* docket numbers 8 (answer) and 11 (transcript) from the Michigan Court of Appeals' website at http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=283574&inqtype=public&yr=0&yr=0&SubmitBtn=Search.

claim." *Machacek*, 213 F.3d at 952 (citing *Riley*, 674 F.2d 522). Therefore, even if this Court were to disagree with the determination of the Michigan courts, that disagreement would be insufficient to satisfy the second prong of the Sixth Circuit standard. *Gilbert*, 763 F.2d at 824. Because Petitioner has failed to demonstrate either prong of *Stone v. Powell*, his Fourth Amendment claim is barred from habeas review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: January 8, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE